UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY L. HALL, JR.,
    Plaintiff,

Case No. 1:13-cv-509
Weber, J.
Litkovitz, M.J.

vs.

PATRICK R. DONAHOE,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE,
    Defendant.

**REPORT AND RECOMMENDATION**

    Plaintiff Larry L. Hall, Jr., brings this action against defendant Patrick R. Donahoe, Postmaster General United States Postal Service (USPS), alleging that he was terminated from his employment on account of his race. This matter is before the Court on defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 24), plaintiff's response in opposition to the motion (Doc. 26), and defendant's reply memorandum in support of the motion (Doc. 27).

**I. Procedural background**

    Plaintiff filed the original complaint in this matter pro se on August 12, 2013. (Doc. 3). Counsel subsequently entered an appearance and filed an amended complaint on plaintiff's behalf on July 31, 2014. (Doc. 21). The Court thereafter issued an Order denying defendant's motion to dismiss the original complaint as moot.[1] (Doc. 25). The amended complaint is therefore the "legally operative complaint" in this action. *See Scuba*, No. 1:06cv160, 2006 WL 2794939, at *2.

---

[1] The Order adopted the undersigned's Report and Recommendation, which found that the amended complaint "supersede[d] the original complaint and is the 'legally operative complaint' in this matter." (Doc. 22 at 1, quoting *Scuba v. Wilkinson*, No. 1:06cv160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

The amended complaint asserts a claim against defendant USPS for violation of plaintiff's rights under 42 U.S.C. § 2000e-2(a), which provides in part: "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ." (Doc. 21, ¶ 22). The amended complaint makes the following allegations in support of plaintiff's race discrimination claim: Plaintiff is an African-American male. (*Id.*, ¶ 6). He began working for the USPS on August 23, 2005, and was employed as a full-time mail handler at the USPS Cincinnati Network Distribution Center facility. (*Id.*, ¶¶ 6, 8). On September 24, 2009, plaintiff was placed on a Last Chance Agreement (LCA) due to poor work attendance. (*Id.*, ¶ 10). Unlike a comparable Caucasian employee, plaintiff was not given an LCA with a date on which his infractions would be pulled from his file. (*Id.*). Plaintiff successfully completed the terms of the LCA. (*Id.*, ¶ 11). Plaintiff subsequently suffered a hernia in late September 2010 which required emergency surgery and caused him to miss work. (*Id.*, ¶ 12). While the days missed due to his hospitalization were "covered" by the USPS, the USPS did not advise plaintiff that three additional days he missed due to his condition should have been included as leave under the Family and Medical Leave Act (FMLA) and the USPS did not cover those days under the FMLA. (*Id.*, ¶¶ 12-13). After initially being terminated based on his failure to satisfactorily maintain a regular work schedule for missing those three days of work and based on all the discipline that formed the basis of his first LCA, plaintiff was placed on a second LCA for poor attendance on November 3, 2010. (*Id.*, ¶¶ 14-15). The LCA was to last 20 months and include all of his prior discipline. (*Id.*, ¶ 15). Caucasian employees were routinely given LCAs with more favorable terms. (*Id.*, ¶ 16). Plaintiff complied with the terms of the second LCA until

2

May 24, 2012, on which date he parked his car in a fire lane for "only a few minutes." (*Id.*, ¶¶ 17, 18). Plaintiff was terminated effective July 1, 2012, for allegedly violating his second LCA. (*Id.*, ¶ 19). Caucasian employees routinely parked their cars in the fire lane without being disciplined. (*Id.*, ¶ 20). Plaintiff alleges that he was subjected to harsher LCA terms and to more stringent discipline because of his race. (*Id.*, ¶ 21).

## II. Defendant's motion to dismiss

Defendant moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 24). Defendant contends that plaintiff's claim is not timely insofar as it relates to all issues other than his July 2012 termination; plaintiff has failed to exhaust his administrative remedies as to all claims other than those related to his 2012 termination; and plaintiff has failed to state a claim to relief based on his 2012 termination because he admittedly violated the LCA and an administrative determination was made that plaintiff had not established a prima facie case of race discrimination. Plaintiff alleges in response that the prior discriminatory acts alleged in the amended complaint can be considered under a "continuing violation" theory (Doc. 26), which defendant disputes (Doc. 27).

## III. Applicable law

Defendant brings the motion to dismiss under both Rule 12(b)(1) and 12(b)(6). (Doc. 24). However, the motion to dismiss is properly considered under Rule 12(b)(6). *See Norris v. Mehter*, No. 1:13-cv-48, 2013 WL 3875381, at *3 (S.D. Ohio July 26, 2013) (Report and Recommendation) (Bowman, M.J.), *adopted*, 2014 WL 806314 (S.D. Ohio Feb. 28, 2014) (Spiegel, J.) (noting the defendants' argument that the plaintiff's failure to file an administrative charge deprived the court of subject matter jurisdiction but finding the exhaustion of administrative remedies requirement to be more properly construed as a statutory prerequisite

3

rather than a jurisdictional requirement) (citing *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387 (6th Cir. 2008); *Arbaugh v. Y & H Corp.*, 545 U.S. 500 (2006)). *See also Kubicki v. Brady*, 829 F. Supp. 906, 910 (E.D. Mich. 1993), *aff'd,* 41 F.3d 1507 (6th Cir. 1994) (stating that failure to exhaust administrative remedies is a condition precedent to suit and construing Rule 12(b)(1) motion raising that defense as motion to dismiss under Rule 12(b)(6)). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The complaint must give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The complaint must also "present enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A plaintiff who asserts a federal employment discrimination claim is not required to plead facts establishing a prima facie case under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in order to state a claim for relief. *Gambill v. Duke Energy Corp.*, No. 1:06-cv-00724, 2007 WL 2902939, at *4 (S.D. Ohio Oct. 2, 2007) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). *See also Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007).[2] "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz,* 534 U.S. at 510. A plaintiff "need allege only (a) the statutory basis for her claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . . of the [ ] claims and the grounds upon which they rest.'" *Dickinson v. Zanesville*

---

[2] The Court in *Lindsay* confirmed that the law set forth in *Swierkiewicz,* 534 U.S. 506, remains good law after *Twombly.*

4

*Metro. Hous. Auth.*, 975 F. Supp.2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay,* 498 F.3d at 440).

Exhaustion of administrative remedies is a precondition to filing a Title VII lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted). A federal employee must take the following steps to exhaust his administrative remedies: consult with an Equal Employment Opportunity (EEO) counselor within 45 days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); file an individual complaint of discrimination with his agency, 29 C.F.R. § 1614.106(a); and receive a final agency decision, 29 C.F.R. § 1614.110(a). *Id.* Failure to exhaust administrative remedies in a timely manner is an affirmative defense which the defendant bears the burden of pleading and proving. *Id.* (citations omitted).

**IV. The motion to dismiss should be denied.**

The amended complaint states a plausible discrimination claim under 42 U.S.C. § 2000e-2(a)(1). The amended complaint sets forth the statutory basis for plaintiff's race discrimination claim and the factual predicate of that claim. Moreover, although not required to do so in order to state a claim for race discrimination, plaintiff has pled a prima facie case of race discrimination. The amended complaint alleges that: (1) plaintiff is a member of a protected class (African-American), (2) he was qualified for his job with the USPS, (3) he was terminated from his job, and (4) he was treated differently than similarly-situated Caucasian employees by being subjected to more stringent LCA terms and enforcement and by being disciplined for a rules violation for which similarly-situated Caucasian employees were not disciplined. *See McDonnell Douglas Corp.*, 411 U.S. at 802. Thus, the amended complaint should not be dismissed for failure to allege a claim for race discrimination in employment.

Nor has defendant established that the amended complaint should be dismissed based on plaintiff's failure to timely exhaust his administrative remedies. Defendant does not dispute that plaintiff exhausted his administrative remedies on his claim that his 2012 termination violated 42 U.S.C. § 2000e-2(a). (*See* Doc. 21, ¶ 22). Defendant acknowledges that the USPS investigated plaintiff's claim that his 2012 termination was discriminatory, and plaintiff received a final agency decision on his administrative claim. (Doc. 24 at 5, 7, 8). Thus, there is no issue that plaintiff exhausted his administrative remedies on his claim that he was terminated from his employment in 2012 on account of his race.

Defendant contends, however, that plaintiff failed to exhaust his administrative remedies as to any claims pertaining to additional employment matters referenced in the amended complaint, including the 2009 LCA, the terms of the November 2010 LCA, and the denial of FMLA leave. Plaintiff asserts that earlier discriminatory actions referenced in the amended complaint can be considered in support of his discrimination claim under a "continuing violation" theory, an equitable doctrine that tolls the limitations period as to acts that fall outside the statutory filing period where at one least alleged discriminatory act falls within the filing period. (Doc. 26 at 2, citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002)).[3] Defendant contends that the continuing violation theory does not apply to plaintiff's theory of recovery. (Doc. 27 at 1).

It is not necessary to decide in connection with defendant's motion to dismiss whether plaintiff can rely on the continuing violation doctrine in pursuing his claim under § 2000e-2(a).

---

[3] The continuing violation theory may not be used when a plaintiff seeks to recover for *discrete* discriminatory acts that occurred outside the statutory filing period, such as a termination, denial of transfer, or refusal to hire. *Morgan*, 536 U.S. at 114. Rather, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" and starts the clock running anew. *Id.*

6

It is undisputed that plaintiff exhausted his administrative remedies as to his race discrimination claim based on his 2012 termination. As explained above, the amended complaint states a plausible claim to relief for race discrimination based on plaintiff's 2012 termination, and defendant does not contend that such claim is untimely. Thus, irrespective of whether plaintiff is barred from seeking relief under federal law for earlier discriminatory acts - a matter on which the undersigned expresses no opinion at this time - defendant's motion to dismiss the amended complaint for failure to state a claim to relief should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion to dismiss the amended complaint (Doc. 24) be **DENIED**.

Date: 12/8/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY L. HALL, JR.,
    Plaintiff

Case No. 1:13-cv-509
Weber, J.
Litkovitz, M.J.

vs.

PATRICK R. DONAHOE,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).